UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  FRANCK'S LAB, INC.,                                          MDL NO.  2454
        PRODUCTS LIABILITY
        LITIGATION
                                                                     SECTION "N"  (4)


THIS DOCUMENT RELATES TO
CIVIL ACTION No.s:
12-2608, 12-2398, 12-2738, 12-2838


<u>**ORDER & REASONS**</u>


        Now before the Court are defendant's, American Casualty Company of Reading,

Pennsylvania ("ACC"), motions for judgment on the pleadings (Rec. Doc. 158, 160, 162, and 164)

pursuant to Fed. R. Civ. P. 12(c).  Plaintiffs in all four matters (Civ. Action No.s: 12-2608, 12-

2398, 12-2738, and 12-2838) filed a consolidated memorandum in opposition to the Rule 12(c)

motions (Rec. Doc. 168), and ACC filed a consolidated reply (Rec. Doc. 173).

        For the reasons stated herein,

        **IT IS ORDERED** that the motions for judgment on the pleadings (Rec. Doc. 158, 160, 162,

and 164) are hereby **GRANTED**, and plaintiffs claims against ACC are **DISMISSED WITHOUT**

**PREJUDICE**.

**I.  Background**

        All of the plaintiffs herein instigated suits against co-defendants Franck's Lab, Inc.

individually and d/b/a Franck's Compounding Lab and/or Franck's Pharmacy, Inc. ("Franck's Lab"), and Franck's Lab's insurers in the late summer to fall of 2012 alleging eye-injuries resulting from contact with a tainted compound, Brilliant Blue G, produced by Franck's Lab. (See Rec. Doc. 158-1 at p. 2, 160-1 at p. 2, 162-1 at p. 2, and 164-1 at p. 2). All but two of the plaintiffs amended their complaints, in May of 2014, to include claims against ACC, insurer of James Kilbride, Pharmacist-in-charge of Franck's Lab, as a direct action defendant without naming Mr. Kilbride as a defendant. Plaintiffs, Susan and Mark Kappelman (Civ. Action 12-2838), amended their complaints in September of 2014 to include identical claims against ACC, also without naming Mr. Kilbride as a defendant.

The sole issue before the Court in all four motions for judgment on the pleadings is whether lack of personal jurisdiction over James Kilbride, the insured, falls under one of the six statutory exceptions found in the Louisiana Direct Action Statute, La. R.S. 22:1269(B). Specifically, the issue is whether the plaintiffs have shown, by conceding that this Court lacks jurisdiction under the Louisiana Long Arm Statute, that service of citation or other process cannot be made on the insured, and, therefore, plaintiffs have satisfied the Direct Action Statute exception contained in La. R.S. 22:1269(B)(1)(c).

## II. Legal Standard

Motions filed pursuant to Fed. R. Civ. P. 12(c) are subject to the same standards as a motion to dismiss under Rule 12(b)(6). Doe v. MySpace, Inc., 528 F.2d 413, 418 (5th Cir. 2008) (internal citations omitted). Under this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "All questions of fact and any ambiguities

in the controlling substantive law must be resolved in the plaintiff's favor." <u>Lewis v. Fresne</u>, 252 F.3d 352, 357 (5th Cir. 2001).

## III. Application of Legal Standard

Defendant, ACC, argues that Rule 12(c) relief is warranted because the Louisiana Direct Action Statute, La. R.S. 22:1269(B) provides an exclusive list of circumstances for which a plaintiff may bring suit against an insurer alone and plaintiffs do not fall under any of these circumstances. (Rec. Doc. 158-1 at p. 4, 160-1 at p. 4, 162-1 at p. 4, Rec. Doc. 164-1 at p. 4).  Plaintiffs respond contending that La. R.S. 22:1269(B)(1)(c), providing for direct action where "service of citation or other process cannot be made on the insured," applies because plaintiffs concede this Court lacks personal jurisdiction over defendant Kilbride; therefore, valid service cannot be effected. (Rec. Doc. 168 at pp. 4-8).

La. R.S. 22:1269(B)(1) provides:

> The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:
>
> (a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b) The insured is insolvent.
>
> (c) Service of citation or other process cannot be made on the insured.
>
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or

3

between married persons.
        (e) When the insurer is an uninsured motorist carrier.
        (f) The insured is deceased.

When a suit is brought against the insurer alone, one of the circumstances found in (a)-(f) listed above must be present. Soileau v. Smith True Value and Rental, 2012-1711 (La. 6/28/13), 144 So. 3d 771, 778, reh'g denied (Aug. 30, 2013). The Louisiana Supreme Court recently held that the word "brought" found in La. R.S. 22:1269(B) means "initially filed" or "commenced" and the six statutory circumstances apply only when the suit is "commenced" against the insurer alone. Id. at 787. The statute does not apply when the suit is commenced against both the insured and the insurer. Id.

ACC relies on Jeansonne v. Ford, No. 07-2163, 2008 WL 4000473 (W.D. La. 5/29/08) in support of its argument that plaintiffs have not satisfied La. R.S. 22:1269(B)(1)(c). In that case, plaintiffs, Louisiana residents, sued defendant, a Texas resident, and defendant's insurer. Id. at *1. There, the plaintiffs argued that, if the insured defendant was dismissed for lack of personal jurisdiction, service of process is thereby invalid against defendant, and La. R.S. 22:1269(B)(1)(c) applies. United States Magistrate Judge James Kirk found that plaintiffs' argument, which was based on the reasoning found in Lightell v. Morris, 1993 WL 475485 (E.D. La. 1993), to be incorrect. In particular, the Court reasoned that the plaintiffs, relying on Lightell, confused jurisdiction with service of process. 2008 WL 4000473, at *2. The court found the two issues to be distinct. Id.

Here, Plaintiffs argue the same line of reasoning put forth by the plaintiffs in Jeansonne. In support, they, too, cite Lightell as a basis for their position that lack of personal jurisdiction

4

invalidates service of process, and, thus, La. R.S. 22:1269(B)(1)(c) allows for direct action against the insurer alone. (Rec. Doc. 168-1 at p. 5). In addition, plaintiffs rely on the reasoning in <u>Anderson v. T&D Mach. Handling, Inc.</u>, 94-3188, 1996 WL 518141 (E.D. La. 1993) to support their assertion. In <u>Anderson</u>, the Court found that, because the insured was dismissed for lack of personal jurisdiction, "service of citation or other process cannot be made on the insured." <u>Id.</u> at *1-2.

After analyzing the parties' arguments, the pleadings, and the record established thus far, the Court finds the motions for judgment on the pleadings to be appropriate. Significantly, the Court finds each of the cases cited in favor of the parties' respective arguments to be (1) non-binding authority, (2) distinguishable, and (3) not convincing under the recent Louisiana Supreme Court decision found in <u>Soileau</u>. In each of the cases cited, the insured was either a named party or a named party subsequently dismissed for lack of personal jurisdiction. Here, however, the insured, James Kilbride, has neither been served nor named as a party in this suit. Plaintiffs relied on their own determination that personal jurisdiction does not exist over Kilbride when deciding not to name him as a defendant, attempt service, or establish personal jurisdiction. Because <u>Jeansonne</u>, <u>Lightell</u>, and <u>Anderson</u> each concern insureds that had been named, served, and then subsequently dismissed, the Court finds those cases to be distinguishable from the facts *sub judice*. Furthermore, the Court finds that the June 28, 2013 ruling by the Louisiana Supreme Court in <u>Soileau</u> undermines the rationale contained in those cases.[1] However, the Court finds that the line of reasoning contained in <u>Jeansonne</u> to be helpful as it adheres most closely to the language of the statute.

Notably, the court in <u>Jeansonne</u> points out that jurisdiction and service are "distinct and separate matters." 2008 WL 4000473, at *2 (citing <u>Henderson v. U.S.</u>, 116 S.Ct. 1683 (1996). In

---

[1] The Louisiana Supreme Court declared in <u>Soileau</u>, "[i]f the Legislature has intended LSA-R.S. 22:1269(B)(1)(a)-(f) to be applicable to actions brought against *both* an insurer and its insured when the insured is thereafter dismissed, it could have made an express statement in the statute to that effect." 144 So. 3d. at 779.

5

additional support for this proposition, the Fifth Circuit previously declared, "[w]e view personal jurisdiction and service of process as conceptually distinct issues." Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 826 (5th Cir. 1996). Black's Law Dictionary defines "service" as "[t]he formal delivery of a writ, summons, or other legal process." SERVICE, Black's Law Dictionary (9th ed. 2009). On the other hand, Black's Law defines "jurisdiction" as "[a] court's power to bring a person into its adjudicative process; jurisdiction over a defendant's personal rights, rather than merely over property interests." JURISDICTION, Black's Law Dictionary (9th ed. 2009). Moreover, La. Code Civ. Proc. Ann. art. 925 provides a non-exclusive list of objections raised by the declinatory exception, and the objections include separately (1) insufficiency of citation and (5) the court's lack of jurisdiction over the person of the defendant, which further demonstrates the Legislature's recognition of a material distinction between the two issues.

The Court finds that, had the Legislature intended the statute to expressly provide for direct action against an insurer alone where personal jurisdiction was lacking over the insured, it would have done so explicitly. Merely accepting a plaintiff's contention that the Court lacks personal jurisdiction over the insured defendant as a basis for applying the Louisiana Direct Action Statute would undermine the purpose of the statute and allow plaintiffs to choose a friendly forum anytime a tort may have been committed in another state when that tortfeasor's insurer can be found in the jurisdiction. Such a result does not appear to be consistent with the letter of the law or intent of the statute; rather, the Court's ruling in this case adheres most closely and is truest to the wording of the statute.

As a result, plaintiffs have not shown that "service of citation or other process cannot be made on the defendant." Therefore, plaintiffs are not entitled to direct action against Kilbride's insurer alone as the situation here does not comport with the circumstances enumerated in the direct

action statute, and the claims against ACC are hereby dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, plaintiffs' claims against ACC alone are not permitted under the Louisiana Direct Action Statute,  La. R.S. 22:1269(B).  Accordingly,

**IT IS ORDERED** that ACC's motions to for judgment on the pleadings (**Rec. Doc. 158, 160, 162, and 164**) are hereby **GRANTED**, and plaintiffs claims against ACC in Civ. Action No.s 12-2608, 12-2398, 12-2738, and 12-2838 are hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 13th day of November 2014.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**